Bijrket, J.
Section 3207, Revised Statutes, makes any person or corporation contracting-for the construction of a railroad, depot building, or water-tank, liable to pay for the labor and materials in the construction of the same, and provides that the railroad company shall provide in its contract for such payments. '
Section 3208, Revised Statutes, provides as follows: “A person who performs labor or furnishes materials for or in construction of any railroad, depot buildings, water-tanks, or any part thereof, *184 and a person who furnishes boarding on the order of any contractor or sub-contractor, to persons employed by them or either of them, in. furnishing materials, or performing labor for or in construction of such railroad, depot buildings, water-tanks, or any part thereof, in addition to his rights under the preceding section shall have a lien for the payment of the same upon such railroad, and such lien shall have and maintain precedence over any lien taken, or to be taken, and shall subsist for one year from the date of filing the attested account hereafter provided for.”
On part of the plaintiffs in error it is claimed that the word “railroad” in the above quoted part of section 3208 includes a street railroad, and that the liens of the laborers and furnishers of materials and boarding are the first and best lien upon all three of the street railroad properties in this case, and that they have priority over the mortgages which were on said street railroads before the labor was performed or materials and boarding furnished; while the holders of the mortgage liens claim the mortgages to be the first and best lien, and this is the only question in this case.
The first legislation on this subject was by the act of March 31, 1874, 71 O. L., 51, entitled “An act to secure pay to persons performing labor or furnishing materials in constructing railroads.” The provisions of that act were carried into the Revised Statutes, 'and with some immaterial amendments as to the question now in hand, constitute sections 3207 to 3211 both inclusive of the Revised Statutes ; but there is nothing- in the present statute to change or enlarge the meaning-of the word “railroad” or “railroad company,” *185 from what those words meant in the original statute when it was first enacted in the year 1874.
When the statute was enacted in 1874 street railroading- was in its infancy in this state, and such roads were then operated by horses and mules, and the statute was then understood as applying to steam railroads only. The statute speaks of railroads, depot buildings, water-tanks and railroad companies, all of which are peculiarly applicable to steam railroads, and it is silent as to street railroads, barns, power houses, poles, wires, dynamos, machinery, and car barns, and in fact silent as to everything, that is peculiarly applicable to street railroads. If street railroads were intended to be included, the statute in some of its enactments, revisions and amendments would have used some word peculiarly applicable to street railroads.
When the act was first passed there was not much money secured by mortgage upon street railroads, and laborers and furnishers of materials had suffered but little, if any, from being postponed by such mortgages, and there was no necessity for providing at that time that the laborers’ and furnishers’ liens should have precedence over mortgages on street railroads, and for these reasons no provision was made for their protection as against such mortgages; and while there may be some reason now for such protection, since electric street railroads and interurban street railroads have come into general use, the general assembly has failed to provide that laborers and furnishers should have a lien on street railroads prior in right to the liens of prior mortgages thereon.
*186 Sections 3207 to 3211 inclusive clearly relate to railroad, companies as well as to railroads, and yet the general assembly has provided in section 3309a “that nothing in this section (3309a), or in the sections of the Revised Statutes relating to railroad companies prior to section 3437, other than in section 3287, 3288 and 3289, shall be construed as affecting street railroads. ’ ’
This section, 3309a, was passed after sections 3207 to 3211 formed apart of the Revised Statutes, and with full knowledge of them by the general assembly, and thus a clear intention is shown that sections 3207 to 3211 shall not be construed as affecting street railroads.
Prom a careful examination of the course of legislation on the subject of railroads and street railroads, it appears that the legislation as to each has been carefully kept separate, and the statutes as to railroads do not apply to street railroads unless made to do so by clear reference.
The statute as to taxation of railroads has never been appliéd to the taxation of street railroads, and yet the language used in that statute as clearly includes street railroads as the language of sections 3207 to 3211.
While the act of March 19, 1896, 92 O. L., 79, was passed after the rights in this case had accrued, and therefore not controlling, yet it is sig’nificant as showing that the general assembly still regards railroads and street railroads as entirely different,- and to be controlled by different legislation.
Sections 2501 to 2505d inclusive, are all prior to section 3437, and all affect street railroads, but they do not relate to railroads, thus showing that the g’eneral assembly do not regard even inter. *187 urban, street railroads as being included within the word “railroad.”
It was held in the state of Missouri that where an act is passed “in relation to railroads” it will be held to apply to railroads used for carriages drawn by horses as well as those on which the motive power is steam, unless a contrary meaning can be plainly gathered from the act itself. St. Louis Bolt and Iron Co. v. Donahoe, 3 Mo. App., 559; 15 Am. & Eng. Enc. Law, 23 and 24. While this may be so under the Missouri statutes, the same cannot be held under our statutes, and the rule here is not that the “contrary meaning” must be plainly gathered from the act itself, but from all the statutes on the same subject. When all the statutes on the subject of railroads and street railroads in this state are considered together, the “contrary meaning” plainly appears.
In the case of Front Street Cable Railway Co. v. Johnson, 25 Pacific Reporter, 1084; 2 Washington, 112, it was held that under a statute giving laborers a lien upon a railroad or any other structure, a lien could not be taken upon a street cable railway ; and in Rutherfoord & Co. v. Railroad Co., 35 Ohio St., 559, it was held that our statute which gives a lien upon a sti'ucture, does not thereby authorize a lien upon a railroad, for the reason that a railroad is not a structure within the .meaning of the statute.
In the case of The Louisville Railroad Co. v. The Louisville Railway Co., 2 Duvall (Ky.), 175, it was held that a street railway in both its technical and popular sense is not a railroad. This is approved by Elliott on Roads and Streets 557, and by Rorer on Railroads, 1422.
*188 It seems clear, therefore, that sections 3207 to 3211 are not applicable to street railroads.
It is further urged by plaintiffs in error, that if sections 3207 to 3211 are not broad enough to include street railroads, they are entitled to a “first, immediate and absolute lien” on all three of the street railroads under section! of the act of March 20, 1889, 86 O. L., 120, section 3231-1, Bates’ Statutes, which reads as follows:
“Any person who shall have performed common or mechanical labor upon, or furnished supplies to any railroad, turnpike, plank road, canal or on any public structure being erected, or on any abutment, pier, culvert or foundation for same, or for any side track, embankment, excavation or any public work, protection, ballasting, delivering or placing ties, or track-laying, whether the labor is performed for, or the supplies or material is furnished to any company, corporation, contractor or sub-contractor, construction company or an individual, shall have a first, immediate, and absolute lien on the whole of the property on which said work is done, and to which said supplies have been contributed, and shall hold the railroad, canal, turnpike, plank road or structure to the creation or construction of which the said labor or supplies has been contributed, or so much thereof as may havebeen in whole or in part created by said labor or supplies, to the exclusion of any railroad, canal, turnpike, plank road, public work or structure, as to operation, occupation or use, until the claim for such labor or supplies is properly adjusted and paid in full.”
This section is not broader in its terms than sections 3207 to 3211 inclusive, and it does not purport to give a lien upon street railroads. As the word “railroad” does not include street railroads *189 in sections 3207 to 3211, the same word on the same subject in this section does not include street railroads.
In this view of the case it is not necessary to pass upon the constitutionality of this section, and that question is left undecided. Neither is it necessary to consider the question, so ably argued by counsel for plaintiffs in error, as to whether the mechanics liens should have priority over the three mortgages in case the word “railroad” included street railroads.
There is no error in the judgment of the circuit court.

Judgment affirmed.